GERALD ALLEN DAVISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davison v. Commissioner
Docket No. 28897-91
United States Tax Court
T.C. Memo 1992-709; 1992 Tax Ct. Memo LEXIS 787; 64 T.C.M. (CCH) 1517; December 15, 1992, Filed *787 Decision will be entered pursuant to the stipulation of the parties and will determine no overpayment. For Gerald Allen Davison, pro se. For Respondent: William F. Halley. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180 and 182. [1]
Respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 9,531.00, together with an addition to tax under section 6651(a) in the amount of $ 338.75, and under section 6653(a)(1) in the amount of $ 476.55. Petitioner placed $ 1,355 of the deficiency and $ 815.30 of additions to tax in dispute when he timely filed his petition herein. Petitioner resided at Ulster Park, New York, *788 at the time of filing his petition. After concessions, [2] the sole issue is whether petitioner is entitled to a determination of an overpayment of his 1988 income tax, or whether the statutory limitations on the amount of any credit or refund proscribe such determination. All the relevant facts have been stipulated. Petitioner did not file his 1988 Federal income tax return because he was "too busy". Respondent issued a notice of deficiency to petitioner for that year on September 11, 1991; petitioner filed his petition to this Court on December 9, 1991, and on April 14, 1992, petitioner delinquently filed his 1988 tax return with respondent. Respondent has accepted petitioner's delinquent 1988 tax return as filed. The parties stipulate that for the tax year 1988 petitioner had taxable income in the amount of $ 33,434.95. It is also agreed that petitioner has total tax for 1988 in the amount *789 of $ 7,039. During 1988, petitioner had Federal income tax withheld in the amount of $ 8,177.97. Petitioner filed his 1987 Federal income tax return delinquently on April 15, 1991. On that return, he applied $ 2,000 of the total refund due him towards his 1988 tax liability. Thus, on his 1988 return, petitioner also claimed $ 2,000 as applied from his 1987 refund, which when added to his 1988 withholding credit produced an overpayment of $ 3,138.00. On his delinquent 1988 return, petitioner claimed $ 1,000 of the total overpayment of $ 3,138 should be applied towards his 1989 tax liability. Section 6512(b)(1) gives to this Court jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for the year or years at issue. However, section 6512(b)(3) limits the amount of the allowable credit or refund based on the time of payment of the tax, i.e., the tax must be paid after mailing of the deficiency notice or paid within certain limitations periods for filing a claim for credit or refund. Accordingly, we turn to the question of limitations. In this regard, section 6512(b)(3) provides that: (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. *790 -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
None of the payments in question were paid after the mailing of the notice of deficiency. Sec. 6512(b)(3)(A). Prior to *791 considering the precise time limitations Congress has provided for the allowance of credits and refunds, it is appropriate to consider the date upon which the withheld amounts and the $ 2,000 which petitioner requested be applied from his 1987 return to his 1988 taxes be deemed to have been paid by petitioner. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." Thus, all of the taxes withheld from petitioner's wages during 1988, $ 8,177.97, are deemed to have been paid by him on April 15, 1989. The date upon which the $ 2,000 overpayment from petitioner's 1987 taxes (which he chose to have applied against his 1988 taxes) is deemed to have been paid by him is April 17, 1989. Section 6402(b) provides that such amounts constitute a credit against the estimated income tax in the year of application, here 1988. Section 6513(b)(2) provides that amounts paid as estimated income tax shall be deemed to have been paid on the last day prescribed *792 for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return). The last day prescribed under section 6012 for the filing of a calendar year 1988 Federal income tax return was April 17, 1989. Thus, all of the petitioner's overpayments are deemed paid in April of 1989. We turn now to the time limitations Congress has set forth on the allowance of credits and refunds. Before the time of mailing of the deficiency notice, petitioner did not file an income tax return for 1988 nor any claim for credit or refund of an overpayment of 1988 tax. Consequently, section 6512(b)(3)(B) limits the amount to be credited or refunded to that portion of the tax the Tax Court determines to have been paid within the 2-year period applicable under 6511(b)(2)(B). A claim for refund need not actually be filed; section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed, i.e., "that the overpaid taxes were not yet barred for credit or refund when the notice of deficiency was issued." . *793 In the case at bar, however, unlike Wheeler, recovery of the overpaid tax was barred on the date the notice of deficiency was issued. The 2-year "look-back period" ends on that date in any event. The notice of deficiency herein was mailed on September 11, 1991, to petitioner. Pursuant to the provisions of section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Allen v. Commissioner, 99 T.C.    ,     (1992) (slip op. at 4); ; ; . Accordingly, under the 2-year limitation of section 6511(b)(2)(B), petitioner is entitled to recover only excess withholding or estimated tax deemed to have been paid on or after September 11, 1989. Petitioner, however, has made no such payments. His withholding tax credits for 1988 are deemed to have been paid on April 15, 1989, and his estimated tax (the applied 1987 overpayment) is deemed to have been paid on April 17, 1989. We note that *794 had petitioner chosen to file a timely 1988 return, as he is required by law to do by sections 6001 and 6012, the 3-year limitation of section 6511(b)(2)(A) would have been applicable, and petitioner's overpayment claims would be allowed. Petitioner, however, was "too busy" to file his return, and accordingly must bear the costs associated with his decision not to meet his obligation. We note, for the record, that the 1988 return which petitioner filed on April 14, 1992, after the mailing of the deficiency notice and after petitioner's petition to this Court, in no manner changes the result herein. Even though the delinquent return was in fact accepted by respondent, the mailing of the deficiency notice limits the determination of an overpayment to those amounts paid 2 years prior to the mailing of the notice. Petitioner argues that he has somehow been misled by respondent's employees. There is nothing in the record, however, which serves to support this contention. Petitioner received an inquiry dated June 7, 1991, inquiring as to the whereabouts of his 1988 return. He wrote to respondent on June 23, 1991, "When I get around to filing for 1988 I expect the IRS will owe me *795 several thousand dollars." He received another request to file his return on July 2, 1991, and then on September 11, 1991, the notice of deficiency was mailed. Nothing indicates any misleading activities on part of respondent or her employees, and we completely reject petitioner's contentions. We also note that they are irrelevant to the outcome of this case, even if we had found that he had been misled. Petitioner's difficulties are of his own making. Decision will be entered pursuant to the stipulation of the parties and will determine no overpayment. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue in regard to the deficiency and as currently in effect in regard to our jurisdiction to determine any overpayment. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has conceded that petitioner is not liable for the additions to tax under either sec. 6651(a) or 6653(a)(1).↩