T.C. Memo. 2005-275


UNITED STATES TAX COURT


DEVERY W. HENNARD, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17170-04.                    Filed November 28, 2005.


Devery W. Hennard, pro se.

Adam L. Flick, for respondent.


MEMORANDUM OPINION


WELLS, Judge:  This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts in this case have been established by the Court's Order of March 10, 2005.[1] At the time of filing the petition, petitioner resided in Fort Worth, Texas.

Petitioner worked as a contractor for Tuttle Roofing during the 1998, 1999, 2000, and 2001 taxable years. Tuttle roofing paid petitioner $133,339 during 1998, $88,450 during 1999, $117,905 during 2000, and $137,000 during 2001. Petitioner also earned $96 in savings bond interest from Nationsbank in 1998. Petitioner did not make estimated tax payments, have tax withheld, or file a Form 1040, U.S. Individual Income Tax Return, for any of the taxable years 1998, 1999, 2000, or 2001.

On April 19, 2004, respondent prepared, pursuant to section 6020(b), four substitute returns for petitioner after petitioner failed to comply with respondent's requests to file returns for the four years in issue. On June 18, 2004, respondent mailed to petitioner at his last known address, 1216 Warden Street, Fort Worth, Texas 76126, four statutory notices of deficiency asserting deficiencies and additions to tax under sections

---

[1] On Jan. 25, 2005, respondent filed a Motion to Show Cause Why Proposed Facts in Evidence Should Not be Admitted as Established pursuant to Rule 91(f). On Jan. 27, 2005, we granted respondent's motion and further ordered petitioner to file a response in compliance with Rule 91(f)(2) or respondent's proposed stipulations would be deemed established and an order would be entered pursuant to Rule 91(f)(3). Petitioner never responded to our order, and we, accordingly, ordered the facts deemed established on Mar. 10, 2005.

6651(a)(1) (failure to file a return), 6651(a)(2) (failure to pay tax shown on a return), and 6654 (failure to pay estimated income tax) for the 1998, 1999, 2000, and 2001 taxable years as follows:

| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
|------|-----------|------------|------------|------|
| 1998 | $44,291 | $9,965.48 | $11,072.75 | $2,010.24 |
| 1999 | $29,625 | $6,665.63 | $7,258.13 | $1,422.71 |
| 2000 | $39,652 | $8,921.70 | $7,335.62 | $2,132.64 |
| 2001 | $45,724 | $10,287.90 | $5,715.50 | $1,809.44 |

Petitioner timely filed a petition with this Court asserting "all of his inalienable rights and commercial rights at Natural Law, Common Law and Maritime Law, as well as any statutory rights that may exist and apply." and raised numerous typical tax protester arguments including:

(1) The Secretary, including the IRS, is not authorized to practice law in this state. Yet, every single publication, and practically every letter, includes statements that can be considered as nothing but the rendering of legal advice, especially regarding the accounting method applicable and thus the form suitable for using that accounting method. Whatever else this fact may support, the IRS has tendered legal advice to petitioner, giving rise, at the very least, to a definite conflict of interest. (2) The Secretary acts as a collection agent for an undisclosed principal, which principal is an unknown beneficiary of the alleged fiduciary obligation at issue. * * * Without a known beneficiary, petitioner has no fiduciary obligation.[2] (3) There being no principal amount due, there is no basis for penalties. (4) There being no

---

[2] Petitioner warns respondent that it is a potentially serious offense to use the United States Postal Service to attempt to coerce an alleged fiduciary to divert funds from a known beneficiary to an unknown beneficiary.

principal amount due, there is no basis for interest. (5) [The substitute Forms 1040] are not subscribed by the Secretary, per IRC 6020(b).[3]  Petitioner will need to engage in a handwriting analysis during discovery to verify that this is not a machine-written signature, but is, rather, the signature of the human being to be charged with the responsibility of verifying the alleged figures.  About the only way to cross-examine a computer is to have a complete printout, of the human-readable source code, of all modules used to produce these reports and statements.

Additionally, petitioner thanked the Secretary but respectfully declined the Secretary's "unsolicited, and bad, legal and accounting advice"[4] and asked to be placed on the "no call list".

Respondent filed a Motion for Summary Judgment on March 16, 2005.  On March 17, 2005, we ordered petitioner to file a response to respondent's motion on or before April 18, 2005. Petitioner has not filed a response and did not appear at the call of the instant case for trial on May 2, 2005, in Dallas, Texas.

---

[3] Whether the substitute Forms 1040 qualify as returns under sec. 6020(b) for purposes of the sec. 6651(a)(2), failure to pay, addition to tax is discussed below.

[4] In regard to the Secretary's "advice" petitioner states:

The Secretary's proposed accounting method, Form 1040, while applicable, is not as complete or accurate as the accounting method preferred by petitioner.  The commonly available form most competently applicable to the alleged obligation is Form 1041.  By applying more suitable accounting methods, Petitioner's distribution amount, if any, is considerably less than that asserted by the collections agent.  By Petitioner's analysis, the amount due is $0.

Form 1041 is the U.S. Income Tax Return for Estates and Trusts.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Petitioner has not set forth specific facts showing a genuine issue of material fact exists. Petitioner ignored our order to file an answer to respondent's motion and failed to appear at trial. The petition contains nothing but nonsensical tax protester arguments that are frivolous, and we do not address petitioner's arguments with somber reasoning and copious citations of precedent, as to do so might suggest that

petitioner's arguments possess some degree of colorable merit. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

Section 6651(a)(2) provides for an addition to tax in instances where there is a failure to pay the amount of tax shown on a return, and it applies only when an amount of tax is shown on a return. <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 170 (2003). Petitioner did not file valid returns for the years in issue, and respondent prepared substitute returns pursuant to section 6020(b). Under section 6651(g)(2), a return prepared by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining an addition to tax under 6651(a)(2). <u>Cabirac v. Commissioner</u>, <u>supra</u> at 170. In <u>Millsap v. Commissioner</u>, 91 T.C. 926 (1988), we held that an unsubscribed Form 1040, together with attached revenue agent's reports which contained sufficient information to compute the tax liability, met the requirements for a section 6020(b) return. <u>Id.</u> at 930. The record in the instant case contains: unsubscribed Forms 1040; copies of the revenue agent's reports from which petitioner's tax liability could be calculated; and a Form 13496, IRC Section 6020(b) Certification, signed by Carolyn Levy, respondent's examination operation manager. We find the substitute Forms 1040 meet the requirements of section 6020(b). Accordingly, respondent is entitled to summary judgment.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Although we will not impose a penalty on petitioner in this case, we will take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should he return to the Court and advance similar arguments in the future.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.