Eileen G. AKERS, Petitioner–
Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 08–1218–ag.

United States Court of Appeals,
Second Circuit.

May 4, 2009.

Eileen G. Akers, Norwich, CT, pro se.

Curtis C. Pett, Michael J. Haungs, Tax Division, Department of Justice, Washington, D.C., for Nathan J. Hochman, Assistant Attorney General, Washington, D.C., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Appellant Eileen G. Akers appeals *pro se* from the Tax Court's November 28, 2007 decision finding deficiencies in her federal income taxes for the 2000, 2001, and 2002 tax years, and imposing accuracy-related penalties pursuant to Internal Revenue Code ("I.R.C.") § 6662. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We find no error in the Tax Court's determination that Akers failed to substantiate her entitlement to claimed deductions and was subject to accuracy-related penalties.

■ ■ The financial statements submitted in support of Akers's deductions were incomplete, contained unexplained redactions and alterations, and did not show that she was a joint owner of the accounts. In short, all of Akers's arguments for allowing the interest income deductions are unavailing in light of the lack of credible documentation of her expenditures. Likewise, her claim that the Tax Court failed to calculate her amortized bond premium deduction, which was based on the same unreliable documentation, is without merit.

■ ■ Akers's claimed deduction for depreciation of her computers was also unsubstantiated. Akers failed to submit any documentation showing that the computers had been depreciated in previous tax years at a five-year rate, particularly in light of Dr. Akers's initial assertion that

the computers were depreciable at a three-year rate. The Tax Court did not abuse its discretion in striking Akers's extra-record submissions of computer receipts and other documents: she did not comply with the Tax Court's procedural and evidentiary rules requiring a formal request to reopen the record. *See Moretti v. Comm'r,* 77 F.3d 637, 642 (2d Cir.1996) (reviewing the Tax Court's application of its own procedural rules for abuse of discretion); *Hernandez v. Comm'r,* T.C. Memo 1998–46 (1998) ("We may exclude from evidence materials not provided in compliance with our pretrial orders . . . as an improper attempt to introduce evidence after the record has closed") (citing Tax Court Rules of Practice and Procedure 143(b) and 151) (citations omitted).

■ ■ With respect to the mining, oil and gas development project deductions, Akers submitted checks showing expenditures made in the 1980s. But no evidence—other than the self-serving testimony of Dr. Akers which the Tax Court found to be "unconvincing"—was submitted to substantiate the purported "national settlement" allowing the deductions or to show that the deductions carried forward from previous years. It was not error for the Tax Court to conclude the deductions were unsubstantiated. The Tax Court is not bound to accept self-serving testimony, even in the absence of contradictory evidence. *See Fleischer v. Comm'r,* 403 F.2d 403, 406 (2d Cir.1968). Akers failed to carry her burden of proof with regard to her entitlement to the claimed deductions for the mining, oil and gas development projects, and given Akers's failure to submit credible evidence, the burden-shifting mechanism of I.R.C. § 7491(a)(1) does not apply.

■ ■ The Tax Court correctly determined that Akers was subject to accuracy-related penalties pursuant to I.R.C. § 6662 due to (i) a substantial understatement of income tax, and (ii) negligence. I.R.C. § 6662(b)(c) and (d). Contrary to Akers's argument on appeal, negligence does not require intentional disregard of rules or regulations. *See* I.R.C. § 6662(b) (stating that the penalty shall apply to "the portion of any underpayment which is attributable to . . . [n]egligence or disregard of rules or regulations"); Treas. Reg. § 1.6662–3(b)(1) ("'Negligence' . . . includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly."). In light of Akers's failure to keep adequate records and to substantiate her deductions, the Tax Court's determination that she was negligent was not clearly erroneous.

■ The Tax Court correctly declined to consider Akers's due process claims. The claims were based on the audit conducted by the Internal Revenue Service which prompted the notice of deficiency and the request for substantiation. To the extent that Akers claims that the Commissioner's audit procedure was flawed, the Tax Court did not err in declining to consider her claim because courts conduct *de novo* review of the Commissioner's assessment and generally do not "look behind" the assessment to the procedure used to make it. *R.E. Dietz Corp. v. United States,* 939 F.2d 1, 4 (2d Cir.1991) (citing *Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987)). Because Akers's due process claims relate to the procedure used to make the assessment and not the assessment itself, we decline to consider them. Furthermore, to the extent that Akers claims that the expansion of her audit to include the tax years 2001 and 2002 was in violation of her due process rights, she has identified no evidence or legal authority in support of her position, and her claim therefore must fail.

■ Finally, contrary to Akers's argument on appeal, the rule from *Cohan v.*

*Comm'r,* 39 F.2d 540 (2d Cir.1930), does not apply here because "this is not a case where there is a reasonable certainty that there were valid expenditures, with only the amount still in question." *Rodman v. Comm'r,* 542 F.2d 845, 853 (2d Cir.1976).

We have considered all of Akers's remaining arguments, including those in her supplemental submission, and found them to be meritless. For the foregoing reasons, the judgment of the Tax Court is hereby **AFFIRMED.**