T.C. Summary Opinion 2019-15

UNITED STATES TAX COURT

DWAYNE PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 182-17S.                    Filed July 15, 2019.

<u>John Q. Rodgers</u> and <u>Tyler M. Bodi</u>, for petitioner.

<u>Christine A. Fukushima</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 26, 2016 (notice), respondent determined a deficiency in petitioner's 2013 Federal income tax and imposed section 6651(a)(1) and (2) additions to tax. Petitioner's liability for the additions to tax remains in dispute; otherwise the adjustments made in the notice have been resolved by the parties. Along with petitioner's liability for the additions to tax, we consider whether petitioner is entitled to various deductions claimed on his untimely 2013 Federal income tax return (2013 return) submitted to respondent after this case was commenced.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

Petitioner was married at all times relevant here, but the 2013 return was not jointly filed with his spouse; neither were any of the other Federal income tax returns mentioned below.

On January 27, 2003, petitioner purchased a three-unit apartment building in Bellflower, California (Bellflower property), for $350,000. He originally took title to the property in his name, but on June 7, 2007, he transferred title to himself

and his wife as joint tenants. On May 30, 2006, petitioner and his wife purchased as joint tenants a six-unit apartment building in Gardena, California (Gardena property), for $850,000.

The Bellflower and Gardena properties were each encumbered by deeds of trust securing loans that apparently were used to finance the acquisitions. In 2011 petitioner and his wife defaulted on the loans. The Gardena property was placed in receivership during 2011; while operated by the court-appointed receiver the property generated a $2,705 net profit. It was sold by the receiver for $440,000 on August 26, 2011. A few months later, on October 13, 2011, foreclosure proceedings forced the sale of the Bellflower property for $410,000.

The filing due date for the 2013 return was extended to October 15, 2014. Because petitioner failed to submit the return when due, on July 25, 2016, respondent prepared a substitute for return pursuant to section 6020(b) for petitioner's 2013 tax year. The section 6020(b) return includes Form 4549, Income Tax Examination Changes, Form 886-A, Explanation of Items, and Form 13496, IRC Section 6020(b) Certification. The 2013 return that is the source of the deductions here in dispute was prepared by a paid income tax return preparer and submitted to respondent after this case was commenced. As relevant here, the 2013 return includes: (1) Schedule A, Itemized Deductions, on which deductions

for mortgage interest, unreimbursed employee business expenses, and margin interest are claimed; (2) Schedule D, Capital Gains and Losses, on which a net short-term capital loss deduction is claimed; and (3) a $1,012,082 net operating loss (NOL) carryover deduction from 2011.

The NOL is not shown on a copy of petitioner's 2011 Federal income tax return dated December 10, 2015. It is shown on a copy of petitioner's 2011 Form 1040X, Amended U.S. Individual Income Tax Return (2011 amended return), dated December 11, 2015. We cannot tell from what has been submitted why the NOL was omitted from one version of petitioner's 2011 return but included on the other.

The NOL is attributable to the operation and disposition of the Bellflower and Gardena properties. According to petitioner, the NOL consists of a $479,677 rental real estate loss reported on Schedule E, Supplemental Income and Loss, included with the 2011 amended return, and a $603,084 loss shown on Form 4797, Sales of Business Property, also included with the 2011 amended return.

Discussion

I. Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish

entitlement to any claimed deduction. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).[2] This burden requires the taxpayer to establish that the expense to which the deduction relates is allowable as a deduction under some provision of the Internal Revenue Code and, further, to maintain adequate records in order to substantiate that the expense has been paid or incurred. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

At trial petitioner maintained his entitlement to the disputed deductions. According to respondent, petitioner is not entitled to any of them. For the following reasons, we agree with respondent.

A. <u>NOL Carryover Deduction</u>

In general, an NOL is the excess of the sum of certain allowable deductions over gross income for a given tax year. <u>See</u> sec. 172(c). The NOL must be consumed in the earliest year for which there is income available to be offset by the loss. <u>See</u> sec. 172(b)(2). Any excess NOL that is not consumed in one year is

---

[2]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

carried to the next earliest year.  Id.  An NOL generally must first be carried back 2 years and then carried forward 20 years.  See sec. 172(b)(1)(A).  A taxpayer who makes an election can waive the carryback requirement and carry forward the NOL directly.  See sec. 172(b)(3).  An election to waive the carryback must be made on a timely filed tax return for the year of the NOL for which the election is to be in effect.  Id.  A taxpayer claiming an NOL must file with his return "a concise statement setting forth the amount of the net operating loss deduction claimed and all material and pertinent facts relative thereto, including a detailed schedule showing the computation of the net operating loss deduction."  Sec. 1.172-1(c), Income Tax Regs.  The evidence petitioner submitted in support of his claim to the NOL carryover deduction does not include any such "detailed schedule".

### 1.  Schedule E Loss Shown on 2011 Amended Return

Petitioner testified in general terms that he paid or incurred expenses in the operation and maintenance of the Bellflower and Gardena properties during 2011, but he did not provide any substantiating records, either originally maintained or reconstructed, with regard to any such expenses.  Furthermore, his claim to an overall operating loss is somewhat undermined by records showing that the Gardena property generated a net profit while operating under receivership.

Accordingly, petitioner is not entitled to the portion of the NOL that he attributes to a rental real estate loss.

### 2. Form 4797 Loss Shown on 2011 Amended Return

Respondent agrees that petitioner suffered a loss upon the disposition of the Bellflower and Gardena properties. According to respondent, however, the loss amounted to $202,972, which is substantially less than the $603,084 loss petitioner claims to have suffered. The disagreement between the parties centers around the proper computation of petitioner's tax basis, or more precisely adjusted basis, in each property. See secs. 165(b), 1011(a).

Respondent's calculation of the loss takes into account the acquisition cost of each property, the depreciation allowed or allowable over the years that each property was in service, and the amount received in the disposition of each property. Petitioner takes the position that the adjusted basis in each property is higher than recognized by respondent because of improvements made to the properties over the years. Again, no records corroborating petitioner's claim have been submitted. After reviewing what has been submitted on the point, we find that petitioner has failed to establish that he is entitled to a basis in either property in excess of what respondent determined it to be.

Proceeding as though the NOL suffered in the dispositions of the properties is as respondent computes it to be, we further find that the NOL was fully absorbed before 2013. Petitioner claims that he properly elected to waive the carryback period, but the record shows that his 2011 amended return was not timely filed and does not include a statement electing to waive the carryback period. See sec. 172(b)(3). Consequently, we find that petitioner did not make a valid election to waive the carryback period. See Moretti v. Commissioner, 77 F.3d 637, 647 (2d Cir. 1996) (finding the taxpayer's failure to timely file a tax return precluded subsequently claiming an NOL carryforward without the NOL's being absorbed, to the extent required, by the carryback year).

Taking into account the foregoing, we find that the NOL was fully absorbed before 2013, and therefore petitioner is not entitled to an NOL carryover deduction from the sales of the Bellflower and Gardena properties.

B. Schedule A Deductions and Net Short-Term Capital Loss Deduction

As noted, petitioner claimed various deductions on the Schedule A included with the 2013 return, and a net short-term capital loss deduction shown on Schedule D also included with that return. At trial petitioner offered neither testimony nor documents in support of any of the deductions. The 2013 return itself provides insufficient substantiation. See Wilkinson v. Commissioner, 71

T.C. 633, 639 (1979). Because petitioner failed to adequately substantiate the claimed deductions, we find that he is not entitled to them.

II. Additions to Tax

According to respondent, petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely return and the addition to tax under section 6651(a)(2) for failure to timely pay the tax shown on his return. Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing) unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id.

Section 6651(a)(2) provides for an addition to tax for failure to timely pay "the amount shown as tax on any return specified in paragraph (1)" unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%. Id. The

amount of the addition to tax under section 6651(a)(2) reduces the addition to tax under section 6651(a)(1) for any month for which both additions to tax apply. Sec. 6651(c)(1).

Under section 7491(c) the Commissioner bears the burden of production as to whether a taxpayer is liable for an addition to tax and must provide sufficient evidence showing that imposing the addition to tax is appropriate in the particular case. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

As to the addition to tax under section 6651(a)(1) for failure to timely file, respondent has met this burden of production by showing that petitioner's 2013 return was due to be filed on or before October 15, 2014, and that it was not submitted to respondent until on or about April 6, 2017. See secs. 6072(a), 7503.

As to the addition to tax under section 6651(a)(2) for failure to timely pay the amount shown as tax on the return, there must first be an amount of tax shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R.2d (RIA) 2004-5490 (3d Cir. 2004). For this purpose, a return made by the Commissioner under section 6020(b) that meets certain requirements is treated as the return filed by the taxpayer. See sec. 6651(g)(2); Ulloa v. Commissioner, T.C. Memo. 2010-68.

Respondent introduced a substitute for return consisting of: (1) Form 13496, IRC Section 6020(b) Certification, signed by respondent's examination operations manager, (2) Form 4549, Income Tax Examination Changes, including an explanation of the delinquency penalty and a 2013 tax year interest computation, and (3) Form 886-A, Explanation of Items. The return is subscribed, it contains sufficient information to calculate petitioner's tax liability, and it purports to be a return. Thus, it constitutes a valid substitute for return under section 6020(b). See Gleason v. Commissioner, T.C. Memo. 2011-154; see also Hennard v. Commissioner, T.C. Memo. 2005-275. Accordingly, respondent has satisfied the burden of production under section 7491(c) for the section 6651(a)(2) addition to tax by producing evidence sufficient to establish that a return showing petitioner's tax liability was filed by petitioner or prepared by respondent as a substitute for return under section 6020(b) for the year in issue.

Petitioner does not argue, nor does the record show, that he had reasonable cause for failing to timely file his 2013 tax return or timely pay the tax shown on his return. Respondent's imposition of the additions to tax is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.