T.C. Memo. 1999-312

UNITED STATES TAX COURT

JAMES ANTHONY JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1390-98.                    Filed September 22, 1999.

James Anthony Johnson, pro se.

<u>Rick V. Hosler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1994 Federal income tax of $59,914 and an addition to tax of $14,979 under section 6651(a)(1) for failure to file a timely income tax return for 1994.

After concessions, the issues for decision are:

1.    Whether petitioner had a capital gain of $71,001 on the sale of his personal residence in 1994.  We hold that he did.

2.    Whether petitioner had unreported dividend income of $796 from Kemper Clearing Corp. in 1994.  We hold that he did.

3.    Whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely income tax return for 1994.  We hold that he is.

4.    Whether petitioner is the taxpayer named in the notice of deficiency.  We hold that he is.

5.    Whether petitioner's constitutional arguments have merit.  We hold that they do not.

Section references are to the Internal Revenue Code in effect during the year in issue.  Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

A.    Petitioner

Petitioner lived in Arizona when he filed the petition and amended petition in this case.

1.    Sale of Petitioner's Residence

Petitioner and Barbara A. Ploe (Ploe) bought 4 acres of land at 3545 Sierra Lane in Yavapai County, Arizona, the deed for which was recorded on January 31, 1985.  He and Ploe were not married at that time.  Petitioner personally built a 4,000

square-foot home on the lot and improved the land.  He resided in the house.  On September 22, 1994, petitioner and Ploe sold the 3545 Sierra Lane property for a net sale price of $208,387.31.

On October 14, 1994, petitioner and Ploe bought other land for $36,292.15.

### 2. Petitioner's Dividend Income

Petitioner received dividends of $796 from Kemper Clearing Corp. in 1994.

### 3. Petitioner's Form 1040 for 1994

Petitioner sent to respondent an unsigned U.S. Individual Income Tax Return, Form 1040, for 1994.  On it, he placed his IRS-generated return address label and left blank the lines for income, adjustments, tax, credits, and other taxes.  He attached to it a document stating that he was a nonresident alien residing in the United States and that he was "no longer going to voluntarily comply to your private tax collection filing system * * *".  Petitioner did not send any other Form 1040 to respondent for 1994.  Respondent prepared a substitute return for petitioner on April 15, 1995.

## B. Notice of Deficiency

Respondent sent a notice of deficiency to petitioner on October 17, 1997.  In it, respondent determined that petitioner had a capital gain of $208,387 on the sale of his personal residence and dividend income of $796 from Kemper Clearing Corp.

in 1994. Respondent determined that petitioner's gain on the sale of his residence was equal to the net sale price of the property.

C. Petition

Petitioner sent a letter to the Court which was filed as an imperfect petition because it did not comply with our Rules as to the form and content of a petition. The Court ordered petitioner to file an amended petition. In the amended petition, petitioner contended that respondent erred in: (1) Determining that all of the proceeds from the sale of petitioner's residence were capital gain, and (2) imposing a direct tax or an indirect tax on petitioner's income.

At a time not stated in the record after petitioner filed the amended petition, and before trial, respondent conceded that petitioner had an adjusted basis in the residence of $137,386, instead of zero, as determined in the notice of deficiency.

D. Pretrial Memorandum

Petitioner submitted a pretrial memorandum in which he listed as issues for trial: (1) Whether respondent violated petitioner's rights of due process of law and equal protection under the law; and (2) whether respondent deprived, took, denied, or disparaged "petitioner of rights with mere 'policy', 'custom', 'regulation' and 'color of law', lacking enactment or enabling clause or an appropriate court under Art. III, sec. 2."

OPINION

A.   Whether Petitioner Had a $71,001 Gain on the Sale of His Residence

Petitioner and Ploe owned[1] petitioner's residence and sold it for $208,387.  Respondent concedes that petitioner had a basis in his residence of $137,386 (instead of zero as determined in the notice of deficiency)[2] and contends that petitioner had a capital gain of $71,001 on the sale of his residence in 1994. Petitioner contends that he did not receive all of the proceeds from its sale, but he does not say specifically who got how much of the proceeds.  Petitioner argues that he received only half of the proceeds from the sale of his residence.  We disagree.  There is no testimony or other evidence in the record to support petitioner's assertion.

At trial, petitioner offered into evidence a Transamerica Title Insurance Co. document dated September 21, 1994, that states an escrow account number, an amount ($208,387.31), and the names James A. Johnson and Barbara A. Ploe to J. Michael Jones and Deborah Lynn Jones, 3545 Sierra Lane, and that it was for sales proceeds.  Petitioner contends that the document shows that he and Ploe were jointly paid the proceeds from the sale of the

---

[1] The record is silent as to the ownership interests that petitioner and Ploe held in the land.

[2] The record is silent as to whether Ploe contributed to the construction of the home and its landscaping.

residence. Petitioner did not testify at trial or call any other witness to identify the Transamerica document. To authenticate a document, the proponent must offer evidence sufficient to support a finding that the matter in question is what its proponent claims. See Fed. R. Evid. 901(a). Petitioner could not authenticate the document because he refused to testify, and so it was not admissible. Also, petitioner did not exchange the document 15 days before trial as required by our standing pretrial order served on him on May 13, 1998. Materials not provided in compliance with our standing pretrial order may be excluded from evidence. See Rules 104(c)(2), 132(b); Moretti v. Commissioner, 77 F.3d 637, 644 (2d Cir. 1996). Even if we had admitted the document, it would not have establish how or that petitioner and Ploe split the proceeds. Petitioner offered no evidence that the proceeds of the sale of the residence were divided between petitioner and Ploe, or showing that he had less gain than asserted by respondent. We conclude that petitioner had a capital gain of $71,001 from the sale of the residence. See secs. 1001(a), (c), 1221(1).

If a taxpayer sells his or her principal residence, and within 2 years of the date of the sale buys and uses another principal residence, gain from the sale is recognized only to the extent that the taxpayer's adjusted sale price for the old residence exceeds the cost of the new residence. Sec. 1034(a).

Petitioner contends that he may defer recognition of gain under section 1034 because he timely bought a replacement residence. We disagree.

The adjusted sale price of petitioner's old residence ($208,387) exceeded the cost of his new residence ($36,292) by $172,095. Petitioner may not defer recognition of any of the gain because the gain on the sale of his old residence ($71,001) is less than the difference between the adjusted sale price of the old residence and the cost of the new residence.

Petitioner contends that he had a cost basis in the residence at 3545 Sierra Lane equal to its net sale price because he used his own labor to build it and improve the property and his labor was worth $208,387, and he contends that respondent bears the burden of proving that petitioner's assertions are incorrect.

We disagree. Petitioner's basis in his labor is zero. See sec. 1012. Petitioner bears the burden of proving that respondent's deficiency determination is in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

B. Dividend Income

Gross income includes dividends. See sec. 61(a)(7). Petitioner offered no evidence to dispute respondent's determination that he received, but did not report, dividends of

$796 from Kemper Clearing Corp. in 1994.  Thus, we sustain respondent's determination.

C.  <u>Whether Petitioner Is Liable for the Addition to Tax Under Section 6651(a)(1) for Failure To File Timely</u>

Section 6651(a)(1) provides for an addition to tax of up to 25 percent for failure to timely file Federal income tax returns unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect.  The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect.  <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985); <u>Davis v. Commissioner</u>, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).

Petitioner filed an unsigned Form 1040 on which he reported no dollar amounts.  Petitioner's Form 1040 is not a valid return for purposes of section 6651.  See <u>Edwards v. Commissioner</u>, 680 F.2d 1268, 1269-1270 (9th Cir. 1982); <u>United States v. Porth</u>, 426 F.2d 519, 522-523 (10th Cir. 1970) (name and address on a form is insufficient to make it a valid return because it lacks information from which the taxpayer's tax liability can be computed); <u>Cupp v. Commissioner</u>, 65 T.C. 68, 78 (1975) (return must be signed under penalty of perjury to be a valid return), affd. without opinion 559 F.2d 1207 (3d Cir. 1977).  Petitioner offered no evidence that his failure to file a proper return was due to reasonable cause and not willful neglect.

We sustain respondent's determination that petitioner is liable for the addition to tax for failure to file a return under section 6651(a) for 1994.

D.   Petitioner's Frivolous Arguments

Petitioner contends that he was not the taxpayer named in the notice of deficiency because the name on the deficiency notice was spelled in capital letters, and that corporations, not individuals, spell their names with capital letters.  Petitioner offered his birth certificate into evidence to prove that he was a live citizen.  We did not admit it into evidence because petitioner's contention relating to the spelling of his name was frivolous.  Petitioner also alleged (without explanation) that he did not receive due process, that the tax system is voluntary so that he cannot be forced to comply, and that respondent has the burden of proof.  At trial, the Court advised petitioner that he had the burden of proof and reminded him that he had presented no evidence to meet that burden.

Petitioner's arguments are frivolous and have been repeatedly rejected by this Court and others, including the U.S. Court of Appeals for the Ninth Circuit (the court to which an appeal would lie in this case).  See, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (placing the burden of proof on the taxpayer does not violate due process), affg. T.C. Memo. 1987-225; McCoy v. Commissioner, 696 F.2d 1234,

1236 (9th Cir. 1983) (same), affg. 76 T.C. 1027 (1981); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Boyce v. Commissioner, T.C. Memo. 1996-439 (taxpayers raised only frivolous protester arguments, including objecting to the spelling of their names in capital letters), affd. without published opinion 122 F.3d 1069 (9th Cir. 1997). We see no need to repeat these discussions here.

To reflect the foregoing,

Decision will be entered under Rule 155.