**Cliff CONNORS, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 07–2142–ag.

United States Court of Appeals, Second Circuit.

May 15, 2008.

William S. Neal, Woodhaven, NY, for Appellant.

Kenneth W. Rosenberg (Richard Farber, on the brief), Tax Division, U.S. Department of Justice, Washington, DC, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Cliff Connors appeals from a February 13, 2007 decision of the Tax Court (Cohen, J.) finding that Connors owed a tax deficiency for 2002 and owed additions to that deficiency for failure to file a tax return and failure to pay tax. We assume the parties' familiarity with the facts and procedural history of the case.

Connors asserts five main arguments on appeal: (1) the Tax Court should have shifted the burden of proof to the government pursuant to Internal Revenue Code ("IRC") § 7491(a); (2) the Tax Court should have granted Connors's motion for a continuance so that he could prepare for, and appear at, trial; (3) the Tax Court erred in finding that Connors owes the deficiency; (4) the Tax Court should have considered Connors's eligibility for certain deductions, exemptions, and credits; and (5) the Tax Court erred in finding that Connors owes the additions. For the reasons stated below, we conclude that all of Connors's arguments lack merit and that the Tax Court did not err in its determinations.

First, Connors argues that he produced "ample proof" of his position before the Tax Court and thus the burden to prove the tax deficiency shifted to the government under IRC § 7491(a). Section 7491(a)(1) provides that if "a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue." That paragraph applies *only* if "the taxpayer has complied with the requirements under this title to substantiate any item" and "the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews." IRC § 7491(a)(2)(A)-(B). We review the Tax Court's legal conclusions de novo and its factual determinations for clear error. *See Thompson v. Comm'r,* 499 F.3d 129, 134 (2d Cir.2007). The Tax Court concluded that Connors "failed to maintain adequate records or to produce credible evidence" and therefore § 7491(a) did not shift the burden of proof to the government. Connors has failed to provide credible evidence throughout this case, and even if his evidence can be characterized as "credible," he did not cooperate with reasonable requests for information and documents, as he did not timely respond to the requests for admission, requests for production of documents, and interrogatories. The Tax Court's finding that Connors failed to meet the prerequisites under § 7491(a)(2) was not clearly

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

erroneous; there was no basis, therefore, to shift the burden of proof to the government.

Connors argues that he should have been given more time to prepare for trial and the opportunity to be at trial because he was in China at the time. In essence, he argues that his motion for a continuance should have been granted. We review the Tax Court's application of its own procedural rules for abuse of discretion. *Moretti v. Comm'r,* 77 F.3d 637, 642 (2d Cir.1996). The Tax Court denied Connors's motion for a continuance because he was "already in default of discovery obligations and because the Court was not persuaded that petitioner could not or should not be present at trial." Connors was given notice five months before trial, and that notice included the Tax Court's stated policy that continuances would only be granted in exceptional circumstances. Connors, both in his motion papers before the Tax Court and in his brief to this Court, has failed to allege that there were exceptional circumstances warranting a continuance. The Tax Court, moreover, was well within its discretion to refuse a continuance where Connors was already in default of discovery obligations.

Third, Connors argues that he does not owe the assessed tax deficiency because (1) he did not receive the full amount of the settlement from the lawsuit with Connecticut General; and (2) the amounts he did receive in disability benefits are not taxable. As to the first claim, he argues that law firm Quadrino & Schwartz got much of the settlement money for its contingency fee and that the part of the settlement attributable to the contingency fee should not be counted as income to him for purposes of tax liability. In response to this argument, the Tax Court cited the Supreme Court's decision in *Commissioner v. Banks,* 543 U.S. 426, 125 S.Ct. 826, 160

L.Ed.2d 859 (2005), which held that contingent fees are taxable as income when the recovery itself constitutes taxable income. Because the settlement itself constitutes taxable income for the reasons stated below, the portion of the settlement paid to the law firm for contingent fees is also included in taxable income.

As to the second aspect of his opposition to the deficiency assessment, Connors argues that the part of the settlement he did receive, along with the other disability benefit payments made to him in 2002, do not constitute taxable income because those amounts fall under exclusions found at IRC § 105 and § 104(a)(3). IRC § 61(a) defines gross income as "all income from whatever source derived." "The definition extends broadly to all economic gains not otherwise exempted." *Banks,* 543 U.S. at 433, 125 S.Ct. 826. IRC § 105(a) provides that "amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer." Section 105© instructs that gross income does *not* include amounts referred to in § 105(a) to the extent that those amounts "(1) constitute payment for the permanent loss or loss of use of a member or function of the body ... and (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work." Finally, IRC § 104(a)(3) excludes from gross income "amounts received through accident or health insurance ... for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not in-

cludible in the gross income of the employee, or (B) are paid by the employer)."

The Tax Court concluded that the disability benefits paid to Connors in 2002 were includible in gross income because they were not otherwise excludable. As to § 105(a) and § 104(a)(3), the court explained that benefits received could be excluded if Connors had paid the premiums for the disability insurance or if his employer paid the premiums and those premiums were includible in his gross income. As to Connors's argument that *he* paid the premiums, the Tax Court considered evidence to the contrary, including the policy itself, which indicated that his employer paid the premiums, and Connors's own deemed admission that he had paid no premiums toward his insurance policy, to conclude that Connors had not paid the premiums. As to § 105(c), the Tax Court found that the payments made were based on Connors's monthly earnings at the time he was rendered disabled and thus *not* computed with reference to the nature of the injury as required for the exclusion under § 105(c).

We find no error in the Tax Court's determination that the disability benefit payments are taxable income. As to the factual issue of whether Connors paid any of the premiums for the insurance, faced with conflicting evidence, the Tax Court did not commit clear error when it found that Connors had not contributed to the premiums for his insurance policy. Moreover, the only evidence in support of Connors's position shows that Connors made contributions to the insurance premium on a *pretax* basis. The exclusion under § 104(a)(3), however, is available only to employees who make *after-tax* contributions to insurance premiums. *See Tuka v. Comm'r*, 120 T.C. 1, 4, 2003 WL 41703, *aff'd*, 85 Fed.Appx. 875 (3d Cir.2003). As to the Tax Court's determination that the

payments were not computed with reference to the nature of the injury, that finding is also not clearly erroneous. *See Thompson*, 499 F.3d at 134. The payments, per the policy, were set at 66 2/3 % of Connors's monthly salary at the time he became disabled There is no evidence, and Connors offers none, to support the claim that the payments were computed with reference to the nature of his injury. There was, therefore, no error in the Tax Court's decision that the disability benefit payments were not excludable from Connors's gross income for 2002.

■ Fourth, Connors argues that he is entitled to certain deductions, exemptions, and credits that were not accounted for in the tax deficiency assessed. At trial, Connors raised for the first time his eligibility for unspecified deductions, exemptions, and credits. The Tax Court gave him the opportunity to file a motion to amend his petition to include those claims, but instructed that he must make an offer of proof to include which deductions, exemptions, and credits he was claiming and the facts and law to support those claims. After Connors filed his motion to amend and the offer of proof, the Tax Court explained that both documents failed to identify any specific deductions and failed to attach any documents, records, or affidavits. It concluded that "nothing would be gained by reopening the record for further evidence and that justice does not require that petitioner be permitted to amend the petition." Connors's motion to amend stated simply: "[Connors] is entitled to exemptions, credits, and deductions allowed for a married man with three children and earned income credit and any such others that apply to his circumstances." The Tax Court was not required to grant his motion to amend the petition where it was not clear what claims he would make, and where his motion did not meet the requirements set by

the Tax Court. It was not an abuse of discretion, therefore, for the Tax Court to deny Connors's motion to amend his petition. *See Moretti,* 77 F.3d at 642. In any event, these amendments would be futile. Because the entire settlement was includible in Connors's gross income, Connors's adjusted gross income was so large that all of the exemptions and credits that he might reasonably claim were fully phased out. *See* IRC § 22(d) (disability credit); *id.* § 24(b) (child credit); *id.* § 32 (earned income credit); *id.* § 151(d) (personal exemptions).

 Fifth, Connors argues that he does not owe the additions under IRC §§ 6651(a)(1) and 6651(a)(2) because there is no tax due. IRC § 6651(a)(1) assesses an addition to the tax for failure to file any return and § 651(a)(2) assesses an addition for failure to pay the amount shown as tax on any return. An addition will not be assessed under either section if the failure was "due to reasonable cause and not due to willful neglect." IRC §§ 6651(a)(1), 6651(a)(2). There is no dispute that Connors failed to file a return for 2002. The Tax Court found that Connors owed an addition under § 6651(a)(1) because, inter alia, he failed to present a reasonable explanation for that failure to file. The Tax Court also determined that an addition under § 6651(a)(2) was proper. It explained that although the § 6651(a)(2) addition applies only when a return has been filed, under § 6651(g)(2), a return that the IRS prepared under § 6020(b) is treated as a return filed by a taxpayer for purposes of determining the amount of an addition under § 6651(a)(2). Because the IRS filed a substitute return for Connors under § 6020(b), Connors had a filed return for purposes of calculating an addition under § 6651(a)(2). Connors does not explain his failure to file a return, nor does he explain his failure to pay the tax shown on the return filed by the IRS. The Tax Court's determination that Connors is liable for the additions assessed was not error. *See McMahan v. Comm'r,* 114 F.3d 366, 369 (2d Cir.1997).

We have considered all of Connors's other arguments and find them to be without merit. For the reasons stated above, the decision of the Tax Court is AFFIRMED.