T.C. Summary Opinion 2008-129

UNITED STATES TAX COURT

HASSAN S. NIYITEGYEKA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3916-07S.                Filed September 24, 2008.

Hassan S. Niyitegyeka, pro se.

<u>William C. Bogardus</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,413 deficiency in petitioner's Federal income tax for 2004. After petitioner's concession the sole issue for decision is whether petitioner is entitled to deduct the unreimbursed employee business expenses that he claimed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York when the petition was filed.

During 2004 petitioner worked for five or six different employers, and he reported total income of $26,396. His principal employer was the New York Life Insurance Co. (New York Life), where he worked for 6 or 7 months from January through June or July. New York Life employed petitioner as a "salesperson in training". He did not receive a salary; rather, he earned his income entirely through commissions. During 2004 petitioner earned $18,706 from New York Life.

Petitioner lived in Brooklyn and commuted via subway to an office in Manhattan that New York Life designated. His sales territory included Manhattan and the surrounding areas. Petitioner generated about 80 percent of his business by calling

on prospective clients. He worked days, nights, and weekends. Petitioner traveled as far as the outlying parts of Queens, New Jersey, and Connecticut to meet with clients, and he often drove his own car, stayed in hotels, and paid for meals. New York Life did not reimburse petitioner for his expenses because the company's policy was not to reimburse its sales trainees. Those unreimbursed expenses are the ones at issue.

Petitioner hired a tax preparation firm to prepare his 2004 tax return, and he provided some receipts to the preparer. However, because petitioner did not maintain a log book, did not have other receipts, and did not have totals for the business expenses he paid, the preparer and petitioner estimated the amount of the expenses. Petitioner claimed a total of $15,500 in unreimbursed employee business expenses as a miscellaneous deduction on Schedule A, Itemized Deductions.[1] The $15,500 consisted of: (1) $4,500 in automobile expenses using the standard mileage rate, (2) $7,500 for travel expenses on overnight trips, and (3) $3,500 for other expenses such as meals near home. Respondent disallowed the entire amount of the deduction.

---

[1] Petitioner's actual deduction was less because he properly reduced his miscellaneous itemized expenses by 2 percent of his adjusted gross income as sec. 67(a) requires. However, petitioner did not first reduce his meal and entertainment expenses by 50 percent as sec. 274(n) requires.

Petitioner stored his receipts in a binder in his car.  In November 2005 the car was stolen.  Petitioner notified the police, and 2 or 3 weeks later the police recovered the vehicle; however, the business receipts were gone.  Consequently, petitioner was not able to provide receipts to respondent or the Court.

At trial petitioner provided for the first time a computer listing, purportedly from New York Life, that detailed dates, client names, and amounts for his draw and commission activities.  The listing did not, however, provide client addresses, locations, or distances.  The listing was printed on plain white paper with no indication of the source.  Petitioner did not have a representative from New York Life corroborate the listing, and he did not call his tax preparer, clients, or anyone else to testify on his behalf.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section

6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See sec. 1.6001-1(a), (e), Income Tax Regs. Thus, taxpayers may deduct only the business expenses that they can substantiate. Ronnen v. Commissioner, 90 T.C. 74, 102 (1988).

Under section 7491(a) a taxpayer may shift the burden to the Commissioner regarding a factual issue if the taxpayer produces credible evidence and meets the other requirements of the section. Under section 7491(a), a taxpayer must substantiate items, maintain records, and cooperate fully with the Secretary's reasonable requests for documents, information, and similar corroboration. Connors v. Commissioner, 277 Fed. Appx. 122 (2d Cir. 2008), affg. T.C. Memo. 2006-239. Neither party raised section 7491(a) as an issue. Because Petitioner did not substantiate his expenses, we find that the burden of proof remains with him.

A taxpayer may deduct ordinary and necessary expenses that he or she pays in connection with the operation of a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, supra at 113. Additionally, the expenditure

must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Section 262(a) excludes deductions for personal, living, or family expenses. A trade or business includes the trade or business of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). However, a full-time life insurance salesperson might qualify as a statutory employee under section 3121(d)(3)(B), so that the employee may deduct business expenses on Schedule C, Profit or Loss From Business, "above the line" on Form 1040, U.S. Individual Income Tax Return, instead of claiming the expenses "below the line" on Schedule A, Itemized Deductions, as miscellaneous itemized deductions, which section 67(a) reduces by 2 percent of adjusted gross income. Rev. Rul. 90-93, 1990-2 C.B. 33. Petitioner has neither argued nor established that he is a statutory employee as opposed to being a common law employee.

To qualify for a deduction, the taxpayer must not have the right to obtain reimbursement from his employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533. Likewise a taxpayer may not deduct unreimbursed employee expenses if the employer maintains a reimbursement plan and the employee fails to seek reimbursement for work-related expenses. See Orvis v. Commissioner, supra at 1408; Leamy v. Commissioner, 85 T.C. 798, 810 (1985). The record indicates that

New York Life had a policy to not reimburse its sales trainees and that petitioner did not receive reimbursement.

If a taxpayer establishes that he or she paid a deductible expense but is unable to substantiate the precise amount, we may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, we can estimate only when the taxpayer presents sufficient evidence. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Section 274 overrides the Cohan rule for certain business expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires stricter substantiation for travel, meals, entertainment, and listed property such as a passenger automobile. Thus, all three of the unreimbursed business expenses that petitioner deducted are subject to section 274 substantiation requirements. Section 274(d) requires taxpayers to provide adequate records or sufficient other evidence establishing the amount, time, place, and business purpose of the expense to corroborate the taxpayers' statements. Even if such an expense would otherwise be deductible, section 274 may still disallow a deduction if the

taxpayer does not have sufficient substantiation.  See sec. 1.274-5T(a), Temporary Income Tax Regs., supra.  Keeping in mind these well-established principles, we must now determine for each of the three unreimbursed expenses whether petitioner satisfied his burden of proving that he may deduct the expense.

Regarding the automobile deduction of $4,500, petitioner used the standard mileage rate, but he did not maintain a log. We recognize that a contemporaneous log is not a requirement, however, the alternate evidence must nonetheless reach a similar level of credibility as a contemporaneous log.  See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-17 (Nov. 6, 1985).  The only evidence in the record is the computer listing that petitioner entered at trial.  However, the listing did not indicate distance, address, or which clients required mileage.  As a result, petitioner did not substantiate his business mileage and, consequently, he is not entitled to an automobile deduction for 2004.

Similarly, regarding petitioner's travel and meal expenses, he may deduct those expenses only if he met the stringent substantiation requirements of section 274(d).  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Further, even when a taxpayer has lost records through circumstances beyond his control, such as

the auto theft here, the taxpayer must substantiate the deductions through other evidence such as a credible reconstruction of the records. <u>Boyd v. Commissioner</u>, 122 T.C. at 320-321; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). The only documentary evidence in the record for the travel and meals is the computer listing of draws and commissions that did not indicate locations or which clients required an overnight trip or a meal. Thus, petitioner failed to provide corroborating evidence sufficient to satisfy section 274(d), and therefore he may not deduct his travel or meal expenses.

In summary, we have taken into consideration petitioner's testimony and the other evidence. The record lacks a journal, receipts, or other documentary evidence to provide a rational basis on which we may determine even a partial deduction. Thus, we have no foundation on which to provide an estimate even if section 274 allowed such an estimate.

In conclusion, we sustain respondent's determination in full. Petitioner may not deduct the unreimbursed employee business expenses for 2004.

<u>Decision will be entered for respondent</u>.